IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**RANDY LAMAR BLACK,**

      **Plaintiff,**

v.                                                            Civil Action No. 1:24-CV-11
                                                                (JUDGE KLEEH)

**JOE BIDEN,**

      **Defendants.**

## REPORT AND RECOMMENDATION, RECOMMENDING COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE

On January 26, 2024, *pro se* Plaintiff Randy Lamar Black filed a Complaint to initiate this action against Defendant Joe Biden. [ECF No. 1]. Plaintiff was sent a Notice of General Guidelines for Appearing *Pro Se* in Federal Court by the Clerk's Office [ECF No. 3] and a Notice of Deficient Pleading, requiring Plaintiff file (1) An Application in Forma Pauperis; (2) Consent to Collection of Fees from Trust Account; and (3) Prisoner Trust Account Report. [ECF No. 4]. By Order dated January 26, 2024 [ECF No. 5], the Hon. Thomas S. Kleeh, Chief United States District Judge, referred this matter to the undersigned Magistrate Judge to review the record and issue written orders or reports and recommendations, as appropriate.

After Plaintiff failed to comply with the deficiency notice, the undersigned entered an Order to Show Cause [ECF No. 8] on March 5, 2024 requiring Plaintiff to show cause within fourteen (14) days from the receipt of the Order. A review of the docket indicates Plaintiff accepted service of the Order on March 12, 2024. [ECF No. 9]. Before the deadline passed, Plaintiff filed a Motion for Extension of Time to File an Application to Proceed in Forma Pauperis ("IFP"). [ECF No. 10]. On March 22, 2024, the undersigned entered an Order granting Plaintiff's motion [ECF

1

No. 10] and required Plaintiff file an IFP application on or before April 5, 2024[1]. Plaintiff timely filed the Consent to Collection of Fees From Trust Account [ECF No. 12] and Prisoner Trust Fund Account Statement. [ECF No. 13]. However, as of April 16, 2024, Plaintiff has failed to file the required IFP application.

Accordingly, because Plaintiff failed to timely file all of the appropriate documents, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED without prejudice.**

Any party shall have fourteen (14) days from the date of service of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to parties who appear *pro se* by certified mail, return receipt requested, to the last known addresses as shown on the

---

[1] A review of the docket indicates that Plaintiff accepted service on March 28, 2024. The undersigned notes that, to date, Plaintiff has had an excess of fourteen (14) days from receipt of the Order and an excess of seven (7) days from the deadline to file an IFP application.

2

docket, and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on April 16, 2024.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE