**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RANDY LAMAR BLACK,**

        **Plaintiff,**

    **v.**                              **CIVIL NO. 1:24-CV-11**
                                                  **(KLEEH)**

**JOE BIDEN,**

        **Defendant.**

**ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
[ECF NO. 25] AND DISMISSING ACTION WITHOUT PREJUDICE**

On January 26, 2024, the pro se Plaintiff, Randy Lamar Black ("Plaintiff"), filed a Complaint against the Defendant, President Joe Biden ("Defendant").  Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. On April 16, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the case be dismissed without prejudice because Plaintiff failed to timely file appropriate documents.  On June 12, 2024, the Magistrate Judge filed a Supplemental R&R, recommending that the case be dismissed without prejudice for lack of subject matter jurisdiction because Plaintiff cites a criminal statute in his Complaint.

The Supplemental R&R informed Plaintiff that he had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and

BLACK V. BIDEN                                                          1:24-CV-11

## ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
## [ECF NO. 25] AND DISMISSING ACTION WITHOUT PREJUDICE

Recommendation to which objection is made, and the basis for such objection." It further warned him that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Plaintiff accepted service of the Supplemental R&R on June 17, 2024.

After he received the Supplemental R&R, Plaintiff submitted two additional filings with the Court. First, he filed a document entitled "Objections to ECF No. 21" [ECF No. 27]. In it, he seems to ask the Court to assess his case under civil (as opposed to criminal) laws, but he does not specify which civil laws should afford him relief. He argues that a claim has been stated. Second, he filed a document entitled "Plaintiff's Affidavit" [ECF No. 28]. In it, he states that he is of sound mind and is not under the influence of drugs or alcohol. He stipulates that "any recovery in the action shall pursuant to the order of the court, be paid to the Clerk, who shall pay therefrom any remaining unpaid costs taxed against the Plaintiff and remit the balance to the Plaintiff."

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete

BLACK V. BIDEN                                              1:24-CV-11

### ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
### [ECF NO. 25] AND DISMISSING ACTION WITHOUT PREJUDICE

v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff has objected to Supplemental R&R by arguing that he seeks civil relief, not criminal relief.  Out of an abundance of caution, the Court will review the Supplemental R&R de novo.  Upon careful consideration, the Court finds that Plaintiff has failed to establish subject matter jurisdiction.  Even assuming that Plaintiff seeks civil relief, he has not set forth a basis for subject matter jurisdiction by presenting a federal question or establishing diversity jurisdiction.  The Court cannot discern any basis for exercising its limited jurisdiction here.  Accordingly, the Court **ADOPTS** the Supplemental R&R to the extent consistent with this Order [ECF No. 25] and finds that the Court lacks subject matter jurisdiction.  The original R&R is **TERMINATED** [ECF No. 16].  This action is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via email and the pro se Plaintiff via certified mail, return receipt requested.

**BLACK V. BIDEN**                                           **1:24-CV-11**

### ORDER ADOPTING SUPPLEMENTAL REPORT AND RECOMMENDATION
### [ECF NO. 25] AND DISMISSING ACTION WITHOUT PREJUDICE

DATED: July 10, 2024

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA